### SONIAT v. RUSSELL et al.

### No. 13991.

Court of Appeal of Louisiana. Orleans.
June 27, 1932.

Thomas Tomeny, of New Orleans, for appellant.

Quintero & Ritter, of New Orleans, for appellees.

WESTERFIELD, J.

Guy Soniat, the plaintiff in this case, brings this suit for $172.20, the amount of damages alleged to have been sustained by his automobile as the result of a collision which occurred on the 22d of April, 1931, at the intersection of Lowerline and Oak streets. He sued Edwin A. Russell, as the owner of the car with which his car collided, and Warren S. Plummer, as the driver of the car. The defendant Russell answered admitting the ownership of the automobile, but denying responsibility for the accident, and reconvened, asking the sum of $188.30 as damages to his car. Plummer answered admitting that he was the driver of defendant's car, but denied all responsibility for the accident. In a supplemental petition filed after issue joined, plaintiff alleged that he had been informed by counsel for defendants during the trial of the case that the ownership of the automobile, which was alleged to be in Edwin A. Russell, and so admitted by Russell in his answer, was in fact owned by his brother-in-law, Edward J. Zundel; that he nevertheless believes the ownership of the car to be in Russell, but if Zundel be declared to be the owner, that Zundel be joined as party defendant, and that judgment be rendered against him together with Russell and Warren, in solido. Zundel, being joined as defendant in the manner stated, filed an answer admitting his alleged ownership of the automobile, denying liability, and asking for judgment in reconvention in the sum of $188.30.

There was judgment below dismissing plaintiff's suit and dismissing the reconventional demand of the defendant Zundel. Plaintiff has appealed, and Zundel answered the appeal asking that he be given judgment in reconvention as against plaintiff, Soniat.

There is some dispute as to who was driving plaintiff's automobile at the time of the accident. According to a part of the evidence, plaintiff was in charge, and, according to other testimony, a Mr. Montaldo was driving. There were four occupants of the plaintiff's car; plaintiff, the Montaldos, and a Miss Huggett. The Montaldos were newly married; in fact, they were married that afternoon at Gretna at 1:40, and had been riding around with the plaintiff and Miss Huggett for several hours, the accident having occurred at about 5:45 p. m. They had been drinking gin. Montaldo estimated the number of drinks that he had consumed as "not more than one or two," and he explains his being in charge of the car, instead of Mr.

Soniat, the owner and his host, by saying that he (Montaldo) had requested that privilege; Mr. Soniat, according to Montaldo, being at the time "a little happy."

It is our opinion, however, that Mr. Montaldo's estimate of the number of drinks consumed by him is too modest, because a policeman who interviewed him described his condition as "so intoxicated that he didn't know what he was saying," and Mr. Soniat, this officer testified, was also in an advanced state of intoxication. In so far as Mr. Soniat's condition is concerned, the officer is corroborated by a physician at the Charity Hospital, to which institution Mr. Soniat was conveyed, who described his condition as one of "acute alcoholism." As we have heretofore remarked, there is some doubt as to whether Soniat or Montaldo was driving the plaintiff's automobile, but, whoever was driving, there was little to choose as respects sobriety. It is quite evident to our minds that the wedding celebration of the Montaldos was at its height when the accident occurred, and we believe that this fact was the proximate cause of the accident.

Plummer, the negro chauffeur, of the defendant's automobile, was driving two of Mr. Russell's children home and proceeding along Oak street, when, according to his testimony, just as he had gotten halfway across the intersection of Lowerline street, the plaintiff's car, going about 45 miles an hour, drove suddenly in front of him, causing the collision. He claims to have driven slowly and cautiously, and is corroboarted by Catherine Russell, defendant's eleven year old daughter, whose testimony appears to be very clear and intelligent. It is sought to discredit Plummer's testimony on the ground that he ran away immediately after the accident. Plummer explains his absence by denying that he ran, and admitting that he walked away, giving as a reason apprehension engendered by his having heard some one remark, "Kill that nigger," an explanation which seems reasonable.

It follows, from what has been said, that plaintiff is responsible for the damage sustained by defendant's car, the amount of which appears to have been properly established by the evidence. We have resolved the question of ownership in Zundel's favor and, accordingly, for the reasons assigned.

The judgment appealed from is amended so as to award Edward J. Zundel, plaintiff in reconvention, judgment in the sum of $188.30, and, as thus amended, the judgment is affirmed.

Amended and affirmed.